# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11119

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

BOBBY LEE WHITLOCK, also known as Uncle,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-152-16

Before DAVIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

In 2007, law enforcement agents in Dallas, Texas began an undercover investigation of a group of individuals distributing large quantities of illegal drugs near a school. The investigation led to an indictment on May 21, 2008, which named multiple individuals, including FNU LNU a.k.a "Uncle." On August 20, 2008, the government filed a superseding indictment, which named Bobby Whitlock a.k.a "Uncle." The superseding indictment charged Whitlock

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11119

with conspiracy to possess with the intent to distribute PCP, MDMA, and marijuana, and with distribution of PCP near a school.

Law enforcement agents identified a home address for Whitlock in Ennis, Texas. Agents made two attempts to locate and arrest Whitlock at the address; both attempts failed. Then, in 2009, Whitlock's fugitive status was erroneously removed from the National Crime Information Center database. This caused the U.S. Marshals Service ("USMS") to end its efforts to find Whitlock. The USMS identified the error in 2015 and located and arrested Whitlock on November 6, 2015. Whitlock was released on bond.

Whitlock moved to dismiss the indictment for an alleged violation of his Sixth Amendment right to a speedy trial. The district court held that the government "has affirmatively shown that the delay did not impair Whitlock's ability to defend himself" because all of the government's evidence, including recorded conversations of controlled drug buys and the undercover police detective's testimony, is still available and intact. The district court also noted that "Whitlock has not made an effort to demonstrate any particularized trial prejudice that resulted from the delay." The only issue is whether the district court correctly determined that the government affirmatively rebutted the presumption that Whitlock was prejudiced.

## I

"The standard of review for Sixth Amendment claims is bifurcated." *United States v. Harris*, 566 F.3d 422, 431 (5th Cir. 2009) (quoting *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007)). "We review findings of fact for clear error, but, with respect to the constitutional test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), it is unsettled whether our review is *de novo* or for clear error." *Harris*, 566 F.3d at 431-32.

No. 16-11119

## II

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. In analyzing a defendant's Sixth Amendment speedy trial claim based on post-indictment delay, courts consider four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay. *See Barker*, 407 U.S. at 530-33.

*Doggett v. United States* explained how the four factors used to analyze a defendant's Sixth Amendment speedy trial claim based on a post-indictment delay are weighed, and the burden each party carries. 505 U.S. 647 (1992). "If 'the first three factors weigh heavily in the defendant's favor,' prejudice may be presumed." *Harris*, 566 F.3d at 432 (quoting *Parker*, 505 F.3d at 328). Here, "[t]he government concedes that the first three factors weigh heavily in favor of Whitlock, thereby creating a presumption of prejudice." *See Doggett*, 505 U.S. at 657-58; *United States v. Cardona*, 302 F.3d 494, 498-99 (5th Cir. 2002). This presumption shifts the burden to the government for rebuttal. *See Doggett*, 505 U.S. at 657; *United States v. Bergfeld*, 280 F.3d 486, 490 (5th Cir. 2002) ("[N]othing in *Doggett* endorses the district court's performing the analysis the other way around, i.e., using the absence of specific evidence of prejudice to reduce the weight of the other three factors.").

Where, as here, the three *Barker* factors weigh so heavily in the defendant's favor, the *government* bears the burden to show that prejudice does *not* exist. The defendant does not have to show that any particular prejudice resulted from the delay, because courts must presume that it does. *See Doggett*, 505 U.S. at 655-56. Furthermore, when courts presume prejudice, *Doggett* requires courts to focus on general prejudice, "recogniz[ing] that excessive delay presumptively compromises the reliability of a trial in ways that neither

party can prove or, for that matter, identify." *Id.* at 655. The district court erred when it turned *Doggett*'s warning about presumptive general prejudice on its head by effectively placing the burden on the *defendant* to particularize prejudice, instead of on the government to rebut the presumptive general prejudice. *See id.*; *Cardona,* 302 F.3d at 499 (holding that the government lacked "any evidence" to rebut the presumption of general prejudice even though the government argued that the strength of its own evidence showed that the defendant did not suffer any impairment to his defense).

## III

Accordingly, the district court's denial of Whitlock's motion to dismiss is REVERSED. We vacate the judgment of conviction and sentence and dismiss the indictment against Whitlock.